UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
03-10351-NG

UNITED STATES OF AMERICA

v.

JAIRUS DEVARIE

## INTERIM STATUS REPORT

March 30, 2004

DEIN, M.J.

An Interim Status Conference was held before this court on Tuesday, March 30, 2004, pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders, to wit:

1. The government has completed its production of discovery.

2. The defendant does request expert discovery under Fed. R. Crim. P. 16(a)(1)(E). The government shall provide such discovery no less than thirty (30) days before the scheduled trial date. The defendant will provide reciprocal expert discovery no later than fifteen (15) days before the scheduled trial date.

3. The defendant does not intend to file any dispositive motions.

4. In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate with counsel of record would be useful.

5. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

6. It is too early to determine whether a trial will be necessary. Should the matter proceed to trial, the case is expected to take 2 days.

7. This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of the evidence, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

   Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of March 30, 2004 through April 30, 2004, that being the period between the Interim Status Conference and the Final Status Conference.[1]

8. Based upon the prior orders of this court dated December 3, 2003, January 14, 2004, February 10, 2004, February 24, 2004, and the order entered herewith, as of April 30, 2004, there will be fourteen (14) days of non-excludable time under the Speedy Trial Act (December 31, 2003 - January 13, 2004) and fifty-six (56) days remaining under the Speedy Trial Act in which this case must be tried.

9. **A Final Status Conference has been scheduled for April 30, 2004 at 11:00 a.m. Counsel for the respective parties shall file a Joint**

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

**Memorandum addressing the matters set forth in LR 116.5(C)(1) through (9) before the close of business no less than THREE business days prior to that Status Conference**. In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the **Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

      / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE