UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-10351-NG |
| ) | |
| JAIRUS DEVARIE ) | |

**DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT**

Defendant Jairus Devarie submits the following objections to the pre-plea Presentence Report.

Defendant's Motion for Pre-Plea Presentence Report was based in large part upon the defendant's interest in learning Probation's position on the "extent of the Court's authority to order or recommend that defendant's sentence run concurrent to an unrelated state sentence that may be imposed in the future." As detailed in the pre-plea PSR, the defendant has a pending murder case. The pre-plea PSR does not address this issue. The defendant believes that the Court has the authority to order that the defendant's sentence run concurrent to any sentence that may be imposed in the future in the murder case. The defendant objects to Probation's failure to address this issue and confirm the defendant's position.

In addition, the pre-plea PSR does not address the issue of the Court having discretion to run the sentences in Mr. Devarie's two pending Federal cases concurrent pursuant to § 5G1.3(c). The defendant objects to this omission.

**I.   The Federal Sentence may run Concurrent with a State Sentence yet to be Imposed.**

The website of the Bureau of Prisons contains a memorandum prepared by Hank Sidowski of the Office of General Counsel that addresses the interaction of Federal and State

sentences. This memo can be found under Frequently Asked Questions in the Sentencing/Designation section. The memo is entitled, "How do Federal and State sentences interact when the Federal defendant is under State primary jurisdiction."

Page 3 of the memo addresses the issue of running a federal sentence concurrent with a State sentence, including a State sentence not yet imposed. The memo states:

> The Bureau of Prisons interprets 18 U.S.C. § 3584 to also permit the Federal judge to order concurrent service with a State sentence. United States v. Fuentes, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997). There is some question whether the Federal judge can order concurrent or consecutive service with a State sentence yet to be imposed. Compare United States v. Williams, supra [46 F.3d 57 (10th Cir.), cert. denied, 116 S.Ct. 92 (1995)], United States v. Ballard, supra [6 F.3d 1502 (11th Cir. 1993)]; Salley v. United States, supra [786 F.2d 546 (2d Cir. 1986)]; with United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998); United States v. Clayton, 927 F.2d 491 (9th Cir. 1991). At a minimum, the Bureau would consider any such order as a recommendation from the Federal sentencing court. To allow the Federal sentence to commence, the Bureau of Prisons designates the state correctional institution (the primary custodian) for service of the Federal sentence. Since the earliest date a Federal sentence can commence is the date it is imposed, this designation may be made *nunc pro tunc* no earlier than the date of Federal sentencing.
>
> Under old law, 18 U.S.C. § 3568, when the State has primary jurisdiction, an order by the Federal sentencing judge to run the Federal sentence concurrently with a State sentence (even one yet to be imposed) is treated by the Bureau of Prisons as a recommendation, since the Federal sentencing court has no power to order a Federal sentence to run concurrently with a State sentence. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Campisi, 622 F.2d 697 (3d Cir. 1980); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); United States v. Huss, 520 F.2d 598 (2d Cir. 1975). Since the Bureau usually follows a concurrent recommendation from the sentencing judge, the issue of the authority of a Federal judge to order concurrent service is rarely tested. To give effect to the Federal sentence court's recommendation and allow the Federal sentence to commence, the Bureau designates the State facility for service of the Federal sentence.

2

Defendant's counsel spoke to Mr. Sidowski to obtain a clearer understanding of the memo and the Bureau of Prison's position. Mr. Sidowski explained that there is a split amongst the Circuits as to whether a Federal judge may order a sentence to run concurrent with a State sentence yet to be imposed. For those Circuits that have held that the Federal court does have such authority, the Bureau of Prisons treats such an order as legitimate and honors it. For those Circuits that have held that the Federal court cannot order such a concurrent sentence, the Bureau of Prisons treats such an order as a recommendation; whether the court's desire to run the sentence concurrent is expressed as an order or as a recommendation, the Bureau of Prisons treats it as a recommendation and, according to Mr. Sidowski, invariably follows the recommendation.

With regard to those Circuits that have not resolved the issue, which include the First Circuit based upon defense counsel's research, the Bureau of Prisons will treat an order as an order and a recommendation as a recommendation. Either way, according to Mr. Sidowski, the Bureau routinely will give concurrent time if that is the wish of the sentencing court.

**II.     Sentences in two Pending Federal Cases may be run Concurrent.**

Defendant has two pending Federal cases. In No. 02-10036-PBS the defendant is charged with Bank Burglary involving an ATM machine that occurred on November 14, 2001. In No. 03-10351-NG the defendant is charged with being a Felon in Possession of a Firearm occurring on September 12, 2001.

The defendant seeks to plead guilty in both cases simultaneously so as to avoid the accumulation of additional criminal history.

The defendant concedes that the two cases are not related and do not involve relevant conduct for the purpose of offense level calculation. Accordingly, the Court's discretion to run

3

the sentences concurrently is governed by § 5G1.3(c). Of necessity, the defendant will be sentenced on one Federal case before the other. At that point, he will be subject to an undischarged term of imprisonment. Pursuant to § 5G1.3(c), the Court has discretion to impose the sentence on the second case "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." This would not constitute a downward departure.

Mr. Devarie's pending Federal cases involve conduct that occurred in close proximity, on September 12, 2001 (firearm possession) and November 14, 2001 (bank burglary). The felon in possession case did not involve the use of the gun. The bank burglary case did not involve the taking of any money. Given the sentencing ranges that will apply to these offenses, concurrent time is warranted.

Dated:

Jairus Devarie
By his Attorney,

/s/ Keith Halpern

_____
Keith Halpern
BBO # 545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617) 722-9952