UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-10351-NG |
| ) | |
| JAIRUS DEVARIE ) | |

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO PRESENTENCE REPORT CRIMINAL HISTORY CALCULATIONS**

Defendant Jairus Devarie submits the following supplemental objections to the Presentence Report's criminal history calculations. Mr. Devarie objects to the following:

¶ (25) - No points should be assessed.

¶ (26) - No points should be assessed.

¶ (28) - No points should be assessed.

¶ (29) - The subtotal score should be 3.

¶ (31) - The total criminal history points should be 5.

¶ (32) - The total points should be 5 and the category should be III.

¶ (83) - The guideline range should be 57 – 71 months.

I.   **No Points Should be Assessed for two "Guilty Filed" Cases**

At paragraphs (25) and (26) of the PSR, Probation assesses one point each for two cases that were "guilty filed." This assessment is in conflict with §4A1.1(c) and the definition of a "prior sentence" at §4A1.2(a).

In ***United States v. Tavares***, 93 F.3d 10, 13 (1st Cir. 1996), the Court noted that Judge Young correctly had refused to count "guilty filed" dispositions in the defendant's criminal history category score. The Court stated that "guilty filed" dispositions in Massachusetts

"involve an admission of sufficient facts for a possible finding of guilt, but not an explicit admission of guilt." *Id.* at 13 n.3.

Defense counsel has represented dozens of defendants in sentencings that involved "guilty filed" dispositions dating back to before the time of Mr. Devarie's cases in 1995 and 1997. These dispositions routinely do not involve any statement by the Commonwealth of the allegations; they do not involve any colloquy between the Court and the defendant; and they do not involve any inquiry as to whether the defendant admits guilt. The defendant is never asked whether he admits anything. To the contrary, the routine procedure is for the judge simply to state that a particular charge will be "guilty filed" and then ask the defendant if he consents. Without evidence of precisely what went on in court when the two charges were "guilty filed," this Court cannot determine whether there were explicit admissions of guilt.

Unlike cases that are continued without a finding, where very rarely a case may be revived for imposition of a sentence if the defendant commits a new offense or violates the terms of probation, it is unheard of for "guilty filed" cases to be revived for the imposition of a sentence.

Cases that are simply filed without the imposition, continuance or suspension of any penalty do not fit the definition of a "prior sentence." The definition of "prior sentence" at §4A1.2 refers to the imposition of a sentence. No sentence is imposed when a case is filed. Mr. Devarie was not sentenced to a term of imprisonment on either of these two cases, nothing was suspended and no diversionary penalties were imposed.

The 2 points assessed by Probation at paragraphs (25) and (26) should be deleted from the Criminal History calculation. This deletion results in 6 Criminal History points instead of 8,

and a Category III instead of IV. The guideline imprisonment range becomes 57 – 71 months, instead of 70 – 87.

## II. No Points Should be Assessed for the Bank Burglary Case

The PSR assesses 1 point for the defendant's Bank Burglary case. At the time the PSR was prepared Mr. Devarie had pled guilty, but had not been sentenced on the Bank Burglary. On April 7th Mr. Devarie was sentenced to 17 months incarceration. No points for this sentence should be imposed.

Prior to *United States v. Booker*, 125 S.Ct. 738 (2005), Mr. Davarie raised with Judge Saris his desire to be sentenced on both of his Federal cases simultaneously in order to avoid accumulating additional criminal history points in one case that would be counted in the other. Judge Saris stated that she agreed that no additional points should be assessed based upon a plea in either of the Federal cases and she raised the possibility of doing the sentencing in both cases at once, with her and this Court present together in a single session.

Another way around this dilemma that was discussed with the Government was merging the two cases, or issuing a Superseding Indictment that included both charges. The Government indicated that it did not object to the outcome sought by Mr. Devarie – avoiding the accumulation of additional Criminal History points in one of the Federal cases based upon a plea in the other.

When *Booker* came down the need to arrange for a simultaneous sentencing or a way of merging the cases was obviated, as this Court could look more freely at the equities involved.

Mr. Devarie's Criminal History should be calculated as Category III and the guideline range should be 57 – 71 months.

3

Dated: April 8, 2005

Jairus Devarie
By his Attorney,

*/s/ Keith Halpern*

Keith Halpern
BBO # 545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617) 722-9952

4