UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-10351-NG |
| ) | |
| JAIRUS DEVARIE ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Jairus Devarie respectfully submits this sentencing memorandum.

### Background

Mr. Devarie has been held at the Essex County House of Correction since March 2002 on a pending State Murder case. Counsel understands that the defense to be presented, that someone else did the shooting, is likely to result either in an acquittal or a First Degree conviction.

Mr. Devarie was indicted in February 2002 on a Federal charge of Bank Burglary. He was arraigned in January 2004. Following a plea, he was sentenced by Judge Saris on April 7, 2005 to 18 months incarceration to begin running immediately, concurrent with any sentence that may be imposed in the pending Murder case. He also received 36 months supervised release.

The criminal conduct that underlies the Felon in Possession charge took place in September 2001. Mr. Devarie was indicted in November 2003 and arraigned in December 2003.

### Personal History

Pursuant to 18 U.S.C. § 3553(a), in determining a sentence that is "sufficient, but not greater than necessary," the Court must consider the personal history of the defendant.

Mr. Devarie's upbringing was traumatic. He was raised by his mother until the age of 12 or 13, when she was incarcerated for 5 years for selling heroin. Throughout his childhood his mother sold drugs and used Jairus to help her distribute drugs in the Lawrence projects and transport drugs from New York. His father died when he was 9 or 10. After his mother's incarceration, Jairus bounced around between his older half-siblings and DYS.

### The Sentence Should run Concurrent with a State Sentence that may be Imposed

On April 7, 2005 Judge Saris ordered that Mr. Devarie's 18 month sentence on Bank Burglary (a failed attempt to rob an ATM) run concurrent with any sentence that may be imposed in the future in the pending Murder case. This Court should issue a similar order.

The website of the Bureau of Prisons contains a memorandum prepared by Hank Sidowski of the Office of General Counsel that addresses the interaction of Federal and State sentences. This memo can be found under Frequently Asked Questions in the Sentencing/Designation section. The memo is entitled, "How do Federal and State sentences interact when the Federal defendant is under State primary jurisdiction."

Page 3 of the memo addresses the issue of running a Federal sentence concurrent with a State sentence, including a State sentence not yet imposed. The memo states:

> The Bureau of Prisons interprets 18 U.S.C. § 3584 to also permit the Federal judge to order concurrent service with a State sentence. United States v. Fuentes, 107 F.3d 1515, 1519 n.6 (11th Cir. 1997). There is some question whether the Federal judge can order concurrent or consecutive service with a State sentence yet to be imposed. Compare United States v. Williams, supra [46 F.3d 57 (10th Cir.), cert. denied, 116 S.Ct. 92 (1995)], United States v. Ballard, supra [6 F.3d 1502 (11th Cir. 1993)]; Salley v. United States, supra [786 F.2d 546 (2d Cir. 1986)]; with United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998); United States v. Clayton, 927 F.2d 491 (9th Cir. 1991). At a minimum, the Bureau would consider any such order as a recommendation from the Federal sentencing court. To allow the Federal sentence to commence, the Bureau of Prisons

2

designates the state correctional institution (the primary custodian) for service of the Federal sentence. Since the earliest date a Federal sentence can commence is the date it is imposed, this designation may be made *nunc pro tunc* no earlier than the date of Federal sentencing.

Under old law, 18 U.S.C. § 3568, when the State has primary jurisdiction, an order by the Federal sentencing judge to run the Federal sentence concurrently with a State sentence (even one yet to be imposed) is treated by the Bureau of Prisons as a recommendation, since the Federal sentencing court has no power to order a Federal sentence to run concurrently with a State sentence. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Campisi, 622 F.2d 697 (3d Cir. 1980); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); United States v. Huss, 520 F.2d 598 (2d Cir. 1975). Since the Bureau usually follows a concurrent recommendation from the sentencing judge, the issue of the authority of a Federal judge to order concurrent service is rarely tested. To give effect to the Federal sentence court's recommendation and allow the Federal sentence to commence, the Bureau designates the State facility for service of the Federal sentence.

Counsel spoke to Mr. Sidowski to obtain a clearer understanding of the memo and the Bureau of Prison's position. Mr. Sidowski explained that there is a split amongst the Circuits as to whether a Federal judge may order a sentence to run concurrent with a State sentence yet to be imposed. For those Circuits that have held that the Federal court does have such authority, the Bureau of Prisons treats such an order as legitimate and honors it. For those Circuits that have held that the Federal court cannot order such a concurrent sentence, the Bureau of Prisons treats such an order as a recommendation; whether the court's desire to run the sentence concurrent is expressed as an order or as a recommendation, the Bureau of Prisons treats it as a recommendation and, according to Mr. Sidowski, invariably follows the recommendation.

With regard to those Circuits that have not resolved the issue, the Bureau of Prisons treats an order as an order and a recommendation as a recommendation. Either way, according to Mr. Sidowski, the Bureau will give concurrent time if that is the wish of the sentencing court.

In Mr. Devarie's case before Judge Saris, Probation asserted that the Court's discretion to order a sentence to run concurrent with a State sentence yet to be imposed should only be exercised where the defendant has been found guilty of the State offense but has not yet been sentenced. The distinction makes no sense. To begin with, in Massachusetts' courts there rarely is a delay between conviction and sentencing. Whether the conviction results from a plea or a verdict, sentencing typically takes place immediately. Second, there is no principle or policy that would be advanced by limiting the exercise of discretion to order a concurrent sentence only where the defendant already has been found guilty. Judge Saris rejected the distinction and this Court should as well.

Mr. Devarie's defense in his Murder case is that someone else committed the crime. Mr. Devarie is most likely looking at one of two possibilities -- an acquittal or life imprisonment without the possibility of parole. The benefit of a concurrent sentence only will materialize in the unlikely event that Mr. Devarie is convicted of a lesser offense. If convicted of Second Degree, Mr. Devarie's initial parole eligibility will be at 15 years. Realistically, the chances of his release at that time are zero. The most recent statistics of the Massachusetts Parole Board concerning parole of Second Degree Murder prisoners was compiled through 2001. Jane Swift took over as Governor from Paul Celucci in April 2001. Provided at Attachment A is a copy of the statistics. In 2001 only 2 of 24 (8%) initial 15 year hearings resulted in the parole of "lifers." While statistics are not available for the Romney years, there is a widely held view amongst the defense bar that the odds of parole have significantly worsened under Governor Romney.

After the initial 15 year hearing, the Parole Board determines the duration of the "set-backs" until the next hearing and thereafter. Counsel's understanding is that a 5 year set-back is typical, and that anything less than 5 years in a gun case would be extremely rare. The statistics

4

indicate that in 2001 there were a total of 72 "set-back" review hearings held; 40% resulted in parole, a rate that was much higher than the 10% - 20% range throughout the Weld years. These statistics do not indicate how many years the prisoners served prior to parole, how long the set-backs were, or how many set-back reviews took place prior to eventual parole.

Given Mr. Devarie's record, which will include 2 Federal convictions, including this Felon in Possession charge, parole at 25 years would be fortunate.

In evaluating the equities of a concurrent sentence, the critical question this Court should consider is whether, in the unlikely event that Mr. Devarie ends up with a Second Degree conviction, does a "sufficient" sentence require him to spend additional time in a Federal prison after serving in the range of 25 years or more in State prison?

### The Sentence should run Concurrent with the Sentence Imposed by Judge Saris

In No. 02-10036-PBS Mr. Devarie pled guilty to Bank Burglary involving an ATM. He concedes that the case is not related to the case before this Court. Nonetheless, under the advisory Guidelines, the Court may exercise its discretion to run the sentences concurrently. Mr. Devarie is subject to an undischarged term of imprisonment. Pursuant to § 5G1.3(c), the Court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

Mr. Devarie's Federal cases involve conduct that occurred in close proximity, on September 12, 2001 (Felon in Possession) and November 14, 2001 (Bank Burglary). The Felon in Possession case did not involve the use of the gun. The Bank Burglary case did not involve the taking of any money or the threatening of anyone.

There are other equities that militate in favor of concurrent time.

The Government waited over 2 years to indict Mr. Devarie in this case. Roughly 27 months passed from the date of the offense, when Mr. Devarie was found unconscious at the scene and arrested, until the date of arraignment. Similarly, the Government waited over 2 years after indictment to arraign Mr. Devarie in the Bank Burglary case. Mr. Devarie spent the bulk of this time incarcerated.

The issue of concurrent time is likely to matter only if Mr. Devarie is acquitted in his Murder case. If he is acquitted, then all of the time he has spent incarcerated since the criminal conduct in this case (9/12/01) and in Judge Saris' case (11/14/01) will be "dead time."

Mr. Devarie has been held on the Murder case since March 11, 2002 -- over 37 months. If he had been arraigned on the Bank Burglary case at around that time, he likely already would have completed the 18 month sentence imposed by Judge Saris. It has been nearly 44 months since the criminal conduct that underlies this case, almost all of which Mr. Devarie has spent in prison awaiting trial.

There is no doubt that the Government's delay in going forward on the Federal cases was based upon Mr. Devarie being held on the Murder case. The issue of concurrent time only will matter if he is acquitted. Accordingly, the defendant is not seeking some special benefit because he is a Murder defendant. To the contrary, he is seeking to avoid the imposition of an unfair and additional punishment -- over 37 months of dead time -- should he be found not guilty.

### No Points Should be Assessed for two "Guilty Filed" Cases

At paragraphs (25) and (26) of the PSR, Probation assesses one point each for two cases that were "guilty filed." There is no evidence of what the alleged crimes consisted of, and no evidence of what transpired in court. This assessment of 2 points is in conflict with §4A1.1(c) and the definition of a "prior sentence" at §4A1.2(a).

6

In *United States v. Tavares*, 93 F.3d 10, 13 (1st Cir. 1996), the Court noted that Judge Young correctly had refused to count "guilty filed" dispositions in the defendant's criminal history category score. The Court stated that "guilty filed" dispositions in Massachusetts "involve an admission of sufficient facts for a possible finding of guilt, but not an explicit admission of guilt." *Id.* at 13 n.3.

Defense counsel has represented dozens of defendants in sentencings that involved "guilty filed" dispositions dating back to before the time of Mr. Devarie's cases in 1995 and 1997. These dispositions routinely do not involve any statement by the Commonwealth of the allegations behind the charges being filed; they do not involve any colloquy between the Court and the defendant; and they do not involve any inquiry as to whether the defendant admits guilt. The defendant routinely is not asked whether he admits being guilty of the filed charge. To the contrary, the routine procedure is for the judge simply to state that a particular charge will be "guilty filed" and then ask the defendant if he consents. Without evidence of precisely what went on in court when the two charges were "guilty filed," this Court cannot determine whether there were explicit admissions of guilt.

Unlike cases that are continued without a finding, where very rarely a case may be revived for imposition of a sentence if the defendant commits a new offense or violates the terms of probation, it is unheard of for "guilty filed" cases to be revived for the imposition of a sentence.

Cases that are simply filed without the imposition, continuance or suspension of any penalty do not fit the definition of a "prior sentence." The definition of "prior sentence" at §4A1.2 refers to the imposition of a sentence. No sentence is imposed when a case is filed. Mr.

Devarie was not sentenced to a term of imprisonment on either of these two cases, nothing was suspended and no diversionary penalties were imposed.

The 2 points assessed by Probation at paragraphs (25) and (26) should be deleted from the Criminal History calculation. This deletion results in 6 Criminal History points instead of 8, and a Category III instead of IV. The guideline imprisonment range becomes 57 – 71 months, instead of 70 – 87.

### No Points Should be Assessed for the Bank Burglary Case

The PSR assesses 1 point for the defendant's Bank Burglary case -- a failed attempt to rob an ATM machine. At the time the PSR was prepared Mr. Devarie had pled guilty, but had not been sentenced on the Bank Burglary. On April 7th Mr. Devarie was sentenced to 17 months incarceration. Counsel understands that Probation intends to amend the PSR to assess 3 points for this conviction. No points for this sentence should be imposed.

Prior to *United States v. Booker*, 125 S.Ct. 738 (2005), Mr. Devarie raised with Judge Saris his desire to be sentenced on both Federal cases simultaneously in order to avoid accumulating additional criminal history points in one case that would be counted in the other. Judge Saris stated that she agreed that no additional points should be assessed based upon a plea in either of the Federal cases and she suggested doing the sentencing in both cases at once, with her and this Court present together in a single session. Following this suggestion, the defendant filed a motion before this Court seeking the scheduling of simultaneous pleas in the cases. The motion was not acted upon.

Another way around this dilemma that was discussed with the Government was merging the two cases, or issuing a Superseding Indictment that included both charges. The Government indicated that it did not object to the outcome sought by Mr. Devarie – avoiding the

8

accumulation of additional Criminal History points in one of the Federal cases based upon a plea in the other.

When **Booker** came down the need to arrange for a simultaneous sentencing or a way of merging the cases was obviated, as this Court could look more freely at the equities involved.

Mr. Devarie's Criminal History should be calculated as Category III and the guideline range should be 57 – 71 months.

### An Appropriate Sentence Should be no Longer than 36 Months Concurrent

What term of incarceration would constitute a "sufficient" sentence?  This question likely becomes relevant only if Mr. Devarie is acquitted of Murder.  Accordingly, to answer this question, the Court must assume a situation where Mr. Devarie will have served over 37 months of dead time, which began to run roughly 6 months after the Felon in Possession conduct.

Assuming a guideline range of 57-71 months, and further assuming a mid-point of 64, subtracting all of the dead time would yield a remainder of 27 months.  If Mr. Devarie's horrific upbringing prompted the Court to place him at the low end of the guideline range, subtracting the dead time would leave only 20 months.

A sentence approaching 36 months, concurrent with the 18 month sentence in the Bank Burglary case, would be fair and more than sufficient.  It takes into account the time Mr. Devarie will have spent incarcerated before he was indicted in either Federal case, while falling well shy of giving him credit for all of the time he has been jailed.  It would impose a substantial additional penalty -- 18 months -- beyond the time imposed by Judge Saris.  It would recognize some degree of ambiguity in calculating an appropriate criminal history.  Lastly, it is a penalty that fits the crimes -- a failed, unarmed attempted robbery of an ATM in which no one was

threatened, and this Felon in Possession case in which the gun was found on Mr. Devarie, who was unconscious due to a car accident.

CONCLUSION

For these reasons, the Court should impose the following sentence:

A term of incarceration of no longer than 36 months, to begin running immediately, and to run concurrent with Mr. Devarie's 18 month sentence in No. 02-10036-PBS and with any sentence that may be imposed in Mr. Devarie's pending Murder case, Essex Superior Crim. No. 2002-00735.

Dated: 4/14/05

Jairus Devarie
By his Attorney,

Keith S. Halpern
BBO # 545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617) 722-9952

Certificate of Service
I hereby certify that I have this date served the above by causing a true copy thereof to be mailed first class postage prepaid mail to all counsel of record.

Dated: 4/14/05

10