UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Crim. No. 03-10351-NG |
| JAIRUS DEVARIE | ) | |

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM
RE "GUILTY FILED" DISPOSITIONS**

Defendant Jairus Devarie respectfully submits this supplemental sentencing memorandum in further support of his contention that Probation's assessment of criminal history points for two cases that were "guilty-filed" is improper. Following submission of the defendant's sentencing memorandum, counsel learned of another case that supports the defendant's position, Griffiths v. Immigration and Naturalization Service, 243 F.3d 45 (1st Cir. 2001).

In Griffiths, the First Circuit considered whether a "guilty-filed" disposition constituted a conviction within the meaning of the Immigration and Nationality Act. The Court noted that the INA definition of "conviction" was two-pronged. The first prong applies where there has been "a formal judgment of guilt." The second prong applies where an "adjudication of guilt has been withheld," but only if

> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Griffiths, 243 F.3d at 50 (citing INA § 101(a)(48)(A)).

The Court held that a "guilty-filed" disposition did not satisfy the first prong of the definition because it was not an adjudication of guilt. Id. at 51-53. To the contrary, under "Massachusetts law, the guilty-filed procedure 'suspends the adjudicative process, including the defendant's right to appeal, until such time as the court reactivates or makes some further disposition of the case.'" Id. at 51 (citing White v. INS, 17 F.3d 475, 479 (1st Cir. 1994)). The Court concluded that "guilt under the first prong of the [INA] definition entails a showing of something beyond a simple finding of guilt such as in a case-filed situation." Id. at 53.

The Court went on to find that a "guilty-filed" could satisfy the second prong of the INA definition if a punishment was imposed upon placing the case "on file." The Court remanded to determine whether the state court judge imposed any punishment. Id. at 55.

The definition of "prior sentence" at §4A1.2 of the Guidelines is not two-pronged in a manner similar to the INA definition. Instead, the term "prior-sentence" is defined to require an "adjudication of guilt." There is no extension of the definition to include cases where an adjudication of guilt has been withheld. Accordingly, the First Circuit's holding in Griffiths that a "guilty-filed" disposition does not satisfy the first prong of the INA definition of "conviction" is determinative of the issue in Mr. Devarie's case. It is only the first prong of the INA definition that is encompassed by the definition of "prior sentence" at §4A1.2(a). The Court in Griffiths flatly holds that a "guilty-filed" disposition is not an adjudication of guilt, but rather a withholding of adjudication. Therefore, a "guilty-filed" disposition may not be counted as a "prior-sentence" for criminal history purposes.

## CONCLUSION

For these reasons, the Court should not assess any criminal history points for Mr. Devarie's two "guilty-filed" dispositions.

Dated: _____

Jairus Devarie
By his Attorney,

/s/ Keith S. Halpern

_____
Keith S. Halpern
BBO # 545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617) 722-9952

Certificate of Service

I hereby certify that I have this date served the above by causing a true copy thereof to be mailed first class postage prepaid mail to all counsel of record.

Dated:_____

_____