UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 03-10351-NG |
| JAIRUS DEVARIE | ) ) ) | |

**DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM
RE GUILTY-FILEDS, <u>SHEPARD</u> AND § 2K2.1**

It is the defendant's position that his two guilty-filed dispositions should not count for criminal history or as predicate offenses under § 2K2.1(a). However, even if the court finds that the guilty-fileds count for criminal history purposes, they should not count as prior "felony convictions" under § 2K2.1 because they are not "convictions" and because they do not qualify as a crime of violence or a controlled substance offense.

Probation calculates a total offense level of 23. This includes a two level enhancement pursuant to § 2K2.1(a)(2) based upon the contention that Devarie committed the offense "subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense." Probation does not specify what the two prior offenses are. However, it is clear that Probation is counting one of the guilty-fileds. Prior to September 12, 2001, the date of the Felon in Possession conduct, aside from the two guilty-fileds, Mr. Devarie had only one other felony case resulting in a conviction. On December 12, 1993 he pled guilty to Kidnapping and Assault with a Dangerous Weapon in a single case. These count as one conviction as they occurred in the same incident. <u>See</u>, § 2K2.1 Commentary, ¶ 12 ("use only those felony convictions that are counted separately under § 4A1.1(a), (b) or (c); § 4A1.2(a)(2) ("Prior sentences in related

cases are to be treated as one sentence."). Therefore, Probation had to count one of the guilty-fileds as a predicate.

## I.   GUILTY-FILEDS SHOULD NOT COUNT AS CONVICTIONS

United States v. Tavares, 93 F.3d 10 (1st Cir. 1996), was an ACC case. Even if this court finds that Tavares may not be expanded to exclude guilty-fileds from counting for criminal history, the case must be read to affirm Judge Young's finding that "'guilty-filed' dispositions could not be counted as convictions under the ACCA." Id. at 13.

The crime of being a Felon in Possession is codified at 18 U.S.C. § 922 (g)(1). The definition of "conviction" as used in 18 U.S.C. § 922 is provided at 18 U.S.C. § 921 (a)(20):

> What constitutes a conviction . . . shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

The use of the word "conviction" in § 2K2.1 should trigger the same definition provided at 18 U.S.C. § 921. It is unreasonable to conclude that Congress intended multiple definitions of so basic a term. Accordingly, whether a guilty-filed can count as a prior felony conviction under §2K2.1 depends upon whether a guilty-filed is defined as a conviction under Massachusetts law. It is not.

In Commonwealth v. Marinucci Bros., 354 Mass. 743 (1968), the Court held that a guilty-filed did not constitute the imposition of a sentence. It is not even an "order" from which a defendant could take an appeal. See also, Commonwealth v. Brandano, 359 Mass. 332, 336 (1971) (a guilty-filed "may be brought forward at any time" by the Commonwealth). According to Griffiths v. INS, 243 F.3d 45 (1st Cir. 2001), a guilty-filed "involves an admission of sufficient facts for a possible finding of

guilt, but not an explicit admission of guilt." Because the filing of a charge "is not a final judgment" or "equivalent to sentencing," <u>Commonwealth v. Bianco</u>, 390 Mass. 254, 257 (Mass. 1983), the process "suspends, for as long as the case remains on file, the defendant's right to appeal alleged error in the proceeding." <u>Commonwealth v. Delgado</u>, 367 Mass. 432, 438 (Mass. 1975).

Even if the court does not read <u>Griffiths</u> to bar guilty-fileds from being counted for criminal history, the case should, at a minimum, be read to bar guilty-fileds from counting as a "conviction" under § 2K2.1. <u>See also</u>, <u>Pino v. Landon</u>, 349 U.S. 901 (1955) (reversing a First Circuit case and holding that a guilty-filed was not a conviction for immigration purposes). The INA uses the word "conviction," rather than "sentence," just like § 2K2.1. The Court in <u>Griffiths</u> holds that a guilty-filed does not satisfy the first prong of the INA definition of conviction. It is only this prong which is relevant to Devarie's situation. The second prong concerns cases where an adjudication of guilt is withheld but a punishment is imposed. No punishment was imposed on Devarie.

**II.    DEVARIE'S GUILTY-FILEDS CANNOT COUNT AS A CRIME OF VIOLENCE OR A CONTROLLED SUBSTANCE OFFENSE**

One of Devarie's guilty-fileds is an Assault & Battery. In <u>United States v. Harris</u>, 964 F.2d 1234 (1st Cir. 1992), the First Circuit noted that the Massachusetts assault and battery statute "covers two separate crimes – one involving actual (or potential) physical harm and the other involving a 'nonconsensual' touching." <u>Id</u>. at 1236. A mere nonconsensual touching is not a crime of violence. The PSR provides no information about the nature of the A & B allegations. There is no charging document specifying the nature of the offense and there is no transcript of a colloquy.

3

Accordingly, under <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005), the A & B disposition may not be counted as a crime of violence.

Devarie's other guilty-filed is Illegal Possession of Class A (Heroin). The definition of a "controlled substance offense" for purposes of 2K2.1 is provided at §4B1.2(b). Simple possession does not qualify as a controlled substance offense. Accordingly, this guilty-filed disposition cannot count as a predicate under §2K2.1.

It is the defendant's position that the two guilty-fileds should not count for criminal history or as prior convictions under §2k2.1(a)(2). But even if the court concludes that these cases do count for criminal history purposes, they still should not count as prior "convictions." Moreover, even if the court finds that, as a general matter, guilty-fileds may count as predicates, neither of Devarie's two guilty-fileds can be counted as a crime of violence or a controlled substance offense. Devarie's total offense level should be 21, not 23.

## CONCLUSION

For these reasons, Devarie's two "guilty-filed" dispositions should not count as violent crime or controlled substance predicates for enhancement under §2K2.1.

Dated: _____

Jairus Devarie
By his Attorney,

/s/ Keith S. Halpern

_____
Keith S. Halpern,
BBO # 545282
4 Longfellow Place
Boston, MA 02114
(617) 722-9952

4