# UNITED STATES DISTRICT COURT
### District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>Jairus Devarie | STATEMENT OF REASONS<br><br>Case Number: 1: 03 CR 10351 - NG - 01<br>Keith Halpern<br>Defendant's Attorney |

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

The Court will not count #26 as a predicate to the felon in possession charge, (the ultimate sentence however, makes this finding irrelevant.)

☐ See Continuation Page

**Guideline Range Determined by the Court:**

| | | | |
|---|---|---|---|
| Total Offense Level: | 21 | | |
| Criminal History Category: | V | | |
| Imprisonment Range: | 70 | to 87 | months |
| Supervised Release Range: | 2 | to 3 | years |
| Fine Range: | $ $7,500.00 | to $ $75,000.00 | |

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 05/31/05<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: 1978 | |
| Defendant's USM No.: 25017-038 | s/Nancy Gertner<br>Signature of Judicial Officer |
| Defendant's Residence Address:<br>Essex County House of Correction<br>20 Manning Road<br>Middleton, MA  01949 | The Honorable Nancy Gertner<br>Judge, U.S. District Court<br>Name and Title of Judicial Officer |
| | 06/07/2005<br>Date |
| Defendant's Mailing Address:<br>same as above | |

DEFENDANT: Jairus Devarie

Statement of Reasons - Page 2 of 3

CASE NUMBER: 1: 03 CR 10351 - NG - 01

## STATEMENT OF REASONS

[x] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: Jairus Devarie
CASE NUMBER: 1: 03 CR 10351 - NG - 01

Statement of Reasons - Page 3 of 3

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☒ for the following specific reason(s):

Criminal History overstates culpability. Had this case been tried before the conviction in 02-10036-PBS, defendant's Criminal History would have been at IV rather than V. Criminal History V does not reflect his culpability; only the timing of the cases.

☐ See Continuation Page