UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_ _ _ _ _ _ _ _ _ _ _ _
                                )
UNITED STATES OF AMERICA        )
                                )
v.                              )       Crim. No. 03-10351-NG
                                )
JAIRUS DEVARIE                  )
                                )
_ _ _ _ _ _ _ _ _ _ _ _

### DEFENDANT'S OBJECTION RE PRIOR CONVICTION EXCEPTION

Defendant Jairus Devarie hereby objects to the use of any prior conviction for purposes

of criminal history and sentence enhancement. The court should apply the doctrine of

constitutional avoidance, and decline to apply the prior conviction exception of Almendarez-

Torres.

The indictment does not allege that Devarie was previously convicted of any crime, nor

did he admit to any previous conviction in his plea colloquy. Thus, if any fact other than a prior

conviction were at issue, this Court would be required by Booker to apply the applicable

sentencing guideline as advisory.

"[W]here a statute is susceptible of two constructions, by one of which grave and

doubtful constitutional questions arise and by the other of which such questions are avoided, our

duty is to adopt the latter." United States ex rel. Attorney General v. Delaware & Hudson Co.,

213 U.S. 366, 408 (1909). Since Booker, at least two lower courts, including this court, have

implicitly applied the doctrine of constitutional avoidance to rule inconsistently with Supreme

Court decisions that have not yet been overruled but have been called into serious doubt. See

United States v. Harris, 397 F.3d 404, 410-13 (6th Cir. 2005) (construing § 924(c) not to apply to

firearm type and questioning continuing viability of Harris v. United States, 536 U.S. 545 (2002)

after Booker); United States v. Pimental, __ F.Supp.2d __, 2005 WL 958245, **2, 5-7 (D. Mass. Apr. 21, 2005) (declining to apply enhancement based on acquitted conduct because Booker cast United States v. Watts, 519 U.S. 148 (1997) into serious doubt).

In Almendarez-Torres, 523 U.S. 224 (1998), the defendant admitted his prior convictions in his plea colloquy, but argued that the Fifth Amendment required that they be charged in the indictment. Id. at 227. In a five to four decision, the Court relied on a distinction between elements and sentencing factors to hold that a prior conviction that raised the maximum sentence was not required to be pled in the indictment. Id. at 226-27, 246-47. The dissent, written by Justice Scalia, would have construed the penalty provision as an element in order to avoid the "genuinely doubtful" question whether the Constitution permits an increase in the maximum punishment based on a fact, whether designated as an element or a sentencing factor, that has not been charged in an indictment and proved to a jury beyond a reasonable doubt. Id. at 251-60.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court reserved judgment on the validity of Almendarez-Torres, since a prior conviction enhancement was not at issue, but noted that Almendarez-Torres "represents at best an exceptional departure from the historic practice [of requiring pleading and proof of factors increasing statutory maximums]," id. at 484, 487, emphasized that no question regarding jury trial or standard of proof arose in Almendarez-Torres, and explicitly stated that it may have been incorrectly decided and should be narrowly applied. Id. at 488-489. Furthermore, Justice Thomas in a concurring opinion renounced his swing vote in Almendarez-Torres. Apprendi, at 520-21 (Thomas, J., concurring).

In Ring v. Arizona, 536 U.S. 584 (2002), the Court explicitly abandoned any distinction for constitutional purposes between elements and sentencing factors. Id. at 605, 609.

In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Court again explicitly rejected the notion, upon which Almendarez-Torres was based, that the jury need only find whatever facts the legislature chooses to label elements, while those it labels sentencing factors may be found by the judge. Id. at 2539-40 and 2542 n.13. Instead, all "facts essential to punishment" must be charged in an indictment and proved to a jury beyond a reasonable doubt.[1] Id. at 2536-37 & n.5. The Blakely Court did not mention the prior conviction exception in its holding.

In United States v. Booker, 125 S.Ct. 738 (2005), the Court reaffirmed its holding in Apprendi: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Though the Court recited the prior conviction exception, it was not at issue in the cases before the Court, and the Court entirely ignored Almendarez-Torres in its review of the precedent in this area. Id. at 748-49. To save the Guidelines from unconstitutionality, the remedial majority interpreted the Sentencing Reform Act as prohibiting the guidelines from being applied mandatorily and requiring that they be applied as advisory. Id. at 756-57, 764, 765.

---

[1] Blakely's holding itself did not mention the right to indictment, but it was a state prosecution in which there was no constitutional right to indictment, while a defendant in a federal felony case has a Fifth Amendment right to indictment. See United States v. Cotton, 535 U.S. 625, 627 (2002); Jones v. United States, 526 U.S. 227, 243 n.6 (1999). The Court stated long ago the "one [rule of] universal application - that every single ingredient of the offence must be accurately and clearly expressed; or, in other words, that the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." United States v. Reese, 92 U.S. 214, 232 (1875) (Clifford, J., concurring). This long-standing precedent, solid law before Almendarez-Torres, and upheld in case law since Almendarez-Torres, further indicates that Almendarez-Torres is an invalid deviation from the common law and constitutional requirement that all the ingredients necessary for punishment be alleged in an indictment.

In <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005), the Court again strongly indicated that <u>Almendarez-Torres</u> will soon be overturned. Mr. Shepard did not challenge <u>Almendarez-Torres</u> or the prior conviction exception, but portions of the opinion make clear that five Justices would overturn that decision and eliminate the exception. In section III of the opinion, Justice Souter, writing for a four-justice plurality, explained that the Court's holding limiting the scope of judicial fact-finding regarding prior convictions is required also by the "rule of reading statutes to avoid serious risks of unconstitutionality." 125 S.Ct. at 1263. Judicial fact-finding about a disputed prior conviction "raises the concern underlying <u>Jones [v. United States</u>, 526 U.S. 227, 243 n.6 (1999)] and <u>Apprendi</u>: the Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the state, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence." <u>Id</u>. at 1262. Justice Souter then noted that the dissent charged that the Court's decision "may portend the extension of <u>Apprendi</u> . . . to proof of prior convictions." In response, he said nothing to dispel that impression, but instead observed that defendants could avoid being prejudiced by proof of prior convictions to the jury by waiving the right to have the jury decide that issue. <u>Id</u>. at 1263 n.5.

Justice Thomas did not join in Part III only because it did not go far enough. He would find the ACCA unconstitutional as applied to Shepard because it required an increase in the sentence based on facts (prior convictions) not admitted by the defendant or proven to a jury. <u>Shepard</u>, 125 S.Ct. at 1264 (Thomas, J. concurring). Justice Thomas stated that <u>Almendarez-Torres</u>:

has been eroded by this Court's subsequent Sixth Amendment
jurisprudence, and a majority of the Court now recognizes that
Almendarez-Torres was wrongly decided. The parties do not request it
here, but in an appropriate case, this Court should consider Almendarez-
Torres' continuing viability. Innumerable criminal defendants have been
unconstitutionally sentenced under the flawed rule of Almendarez-Torres,
despite the fundamental "imperative that the Court maintain absolute
fidelity to the protections of the individual afforded by the notice, trial by
jury, and beyond-a-reasonable-doubt requirements."

Id. at 1264 (internal citations omitted).

In short, though the Court has continued to cite the prior conviction exception to

the now firmly-established constitutional rule that any fact that mandatorily increases the

maximum penalty must be charged and proved beyond a reasonable doubt, a majority of

the Court is poised to overrule Almendarez-Torres when squarely presented.

Moreover, even if Almendarrez-Torres is still good law, it does not extend to this

case. Almendarrez-Torres addressed only the Fifth Amendment right to indictment, and

the Court expressly disavowed any holding regarding the manner and standard of proof

required to establish the prior conviction. See 523 U.S. at 248. Here, Devarie did not

plead guilty to any prior conviction, and he may not be subjected to a jury factfinding

procedure against his will solely for the purpose of rescuing a statute which does not

authorize jury factfinding from unconstitutionality. See United States v. Jackson, 390

U.S. 570, 580 (1968).

This Court should therefore apply the doctrine of constitutional avoidance to find that the

facts of any prior conviction must be charged in an indictment and admitted by the

defendant or proved to a jury beyond a reasonable doubt, and that since they were not in

this case, their application for the purpose of criminal history points and enhancement

must be advisory.

Dated: 5/31/05

Jairus Devarie
By his Attorney,

Keith S. Halpern,
BBO # 545282
4 Longfellow Place
Boston, MA 02114
(617) 722-9952

**Certificate of Service**

I hereby certify that ... true copy thereof b... ...re by causing a
Dated: 5/31/05

6